CHARLES KRAUSE, complainant-respondent,

*v.*

CHARLES ROLLAR, defendant, and METZ REALTY COMPANY, defendant-appellant.

[Submitted October term, 1932.   Decided January 31st, 1933.]

*Messrs. Collins & Corbin (Mr. Edward A. Markley,* of counsel), for the defendant-appellant.

*Mr. Warren Dixon, Jr.,* for the complainant-respondent.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder.

The facts in the case were that the defendant, Charles Rollar, conveyed property, which is the subject-matter of

this suit, to the Metz Realty Company by deed dated November 16th, 1926. The Metz Realty Company was formed for the purpose of taking over this property. The stock of the Metz Realty Company was owned by Mr. and Mrs. Metz, according to their testimony, who put up nearly all of the money that represented the purchase price of the property. Mrs. Metz is a sister of Rollar. About the time of the formation of this company Rollar was having trouble with his wife, who instituted a suit against him for divorce, and an order was made for the payment of alimony. Rollar was committed to jail because he did not pay the alimony. The first floor of the dwelling house was used by Rollar as a delicatessen store and he conducted his business there. The premises were mortgaged and taxes were due. The mortgagee started foreclosure of the mortgage and in order to obtain funds Rollar conveyed this property to the Metz Realty Company for $14,000, subject to the mortgage of $6,000 and also subject to taxes and municipal assessments. Rollar's wife claimed as her interest in the property $12,000, which sum Rollar was compelled to raise to pay to her. The foreclosure was discontinued upon the payment of $692.28. Rollar also sold his delicatessen business for $3,500. About July 2d, 1927, Rollar signed an authority to sell the property to the complainant, Krause, a real estate broker. The complainant evidently produced a purchaser ready, able and willing to buy and Rollar said that he was not interested as he did not own the property. As a result a default judgment was obtained by Krause on February 14th, 1931. This suit thereupon was begun to set aside the conveyance from Rollar to the Metz Realty Company as against the judgment of Krause.

The vice-chancellor held that the Metz Realty Company was really Mr. and Mrs. Metz and, as Mrs. Metz was Rollar's sister, the transaction was really one between brother and sister and should be regarded with suspicion and doubt when attacked by a creditor of the grantor. The vice-chancellor stated that he did not believe that Metz and Rollar had told the whole truth about the transaction; that he did not believe the transfer of title from Rollar to the Metz Realty Company

was a *bona fide* sale of an absolute title for the purpose of divesting Rollar of all interest in the property, for several reasons based upon various things which developed in their testimony. He naturally would not allow his wife to retain a half interest in the property and at the same time pay her $12,000 for her interest, and it was, therefore, necessary to transfer the property to a third party in making the settlement with her and the vice-chancellor found that the company was formed for such purpose. The vice-chancellor also found that the property was worth between $45,000 and $50,000 and that Rollar had told Krause in July, 1927, that the property was worth $45,000. Rollar made a transfer, however, to the realty company, which was in effect his sister, for $20,000, so that the Metz Realty Company really obtained title to a property worth approximately $40,000 for $20,000. Rollar remained in possession of the property and while Metz testified that Rollar was to pay rent he never paid any and in addition he collected rent from the other tenants which he retained for himself. The Metz Realty Company apparently made no objection to this. The vice-chancellor also said that in July, 1927, Rollar signed an authority to Krause to sell the property for $45,000 and gave Krause all the particulars which a purchaser would desire and which a broker would wish to know in order to sell the property. Krause accepted the authority of Rollar to sell, and brought Rollar a prospective purchaser. Rollar testified, however, that he told Krause at the time that he was not the owner of the property but nevertheless he signed the agreement to sell. This statement of Rollar was not believed by the vice-chancellor and was denied by Krause. Rollar did not say to Krause on this occasion or on any other, except the last, that it was not his property and that it was of no use for him to endeavor to sell the property because he did not own it and could not obtain a conveyance of it, but allowed Krause to proceed and find other prospective purchasers. In March, 1928, Krause brought Rollar another purchaser who made an offer for the property and still Rollar kept his silence as to his inability to convey. The vice-chancellor further found

from the evidence that when Rollar sold his delicatessen business about a year after the Metz Realty Company had taken title, he turned the proceeds of the sale, which amounted to $3,500, over to the Metz Realty Company with the exception of a few hundred dollars, with which he paid his own debts, and the vice-chancellor indicated that this money was to be used by the Metz Realty Company for the payment of municipal assessments which were then liens against the property and for which Rollar was not liable, as the assessments had not become liens on the property at the time of the conveyance. The vice-chancellor, therefore, found from the evidence that the Metz Realty Company held the title to this property as trustee for the benefit of itself and Rollar and, therefore, advised a decree that unless the judgment of Krause was paid within a certain time, the property should be sold by a master and after paying the mortgage and $14,000 to the Metz Realty Company, which amount the Metz Realty Company had advanced to Rollar, so much of the balance should be used to satisfy Krause's judgment as might be necessary. A decree to that effect was entered accordingly.

The defendant Metz Realty Company appeals here and contends that the conveyance by Rollar to the Metz Realty Company was *bona fide* as against the complainant, Krause. We are of the opinion that the vice-chancellor properly decided the case. It seems to us that the matters involved in the appeal were questions of fact as to whether or not the conveyance by Rollar to the Metz Realty Company was a conveyance in fee-simple which would now cut out the interest of the judgment creditor, Krause. We think that the findings of fact by the vice-chancellor were amply justified by the evidence and that the decree of the court below was proper.

The decree under review is therefore affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.